**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HSBC MORTGAGE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No.: 07 C 7144 |
| | ) | |
| v. | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| CREVECOR MORTGAGE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF DEFAULT PURSUANT TO FED. R. CIV. P. 55(a)**

Plaintiff HSBC Mortgage Services, Inc. ("HSBC Mortgage Services") by its attorneys, Loeb & Loeb LLP, hereby submits this Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a) (the "Motion").

**STATEMENT OF FACTS**

On or about December 19, 2007, HSBC Mortgage Services filed its Complaint against CreveCor Mortgage, Inc. ("CreveCor") asserting two counts for breach of contract, and one count seeking to enforce certain indemnification obligations owed by CreveCor. On December 21, 2007, HSBC Mortgage Services caused Howard Wegman, in his capacity as President of CreveCor, to be served a copy of the Complaint and Summons. A true and correct copy of the Affidavit of Service (Docket #10) in which Robert A. Anderson attests that he personally served a copy of the Complaint and Summons on Mr. Wegman the evening of December 21, 2007, is attached hereto as Exhibit A. On January 8, 2008, Plaintiff filed the Affidavit of Service. As of the filing of Plaintiff's Motion, CreveCor has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure.

**ARGUMENT**

Plaintiff is entitled to the entry of default against CreveCor. Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of judgment by default under Fed. R. Civ. P. 55(b). *FTC v. 120194 Canada, Ltd.*, No. 04-7204, 2007 U.S. Dist. LEXIS 12657, *25 (N.D. Ill. Feb. 12, 2007) ("Once there has been an entry of default under Rule 55(a), a district court possesses the discretion under Rule 55(b)(2) to enter a default judgment."). *See also* 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

Here, CreveCor has failed to "plead" or "otherwise defend." Federal Rule of Civil Procedure 7(a) limits the types of permitted pleadings and specifies that an answer is the appropriate response to a complaint. Federal Rule of Civil Procedure 12(a) provides a defendant with 20 days after service of the summons and complaint to file an answer. As CreveCor was served with the Summons and Complaint in this action on December 21, 2007, CreveCor was required to file its answer on or before January 10, 2008. As of the filing of Plaintiff's Motion, more than two weeks after the deadline, CreveCor has still not filed an answer. As such, Plaintiff has failed to "plead." *See* Fed. R. Civ. P. 7(a) (defining and limiting permitted pleadings).

Having not even made an appearance, Defendant has also failed to "otherwise defend." "The words 'otherwise defend' [as used in Fed. R. Civ. P. 55(a)] refer to the interposition of various challenges to such matters as service, venue, and the sufficiency of the prior pleading,

2

any of which might prevent a default if pursued in the absence of a responsive pleading." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998). CreveCor has interposed no such challenges that would otherwise obviate the need to file an answer.

Having failed to "plead" or "otherwise defend," the Clerk should enter a default against CreveCor. "When the prerequisites of Rule 55(a) are satisfied, an entry of default should be made by the clerk without any action being taken by the court." 10A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998).

## CONCLUSION

For the foregoing reasons, Plaintiff HSBC Mortgage Services, Inc. respectfully requests the Court to grant Plaintiff's Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a), direct the Clerk to enter a default against Defendant CreveCor Mortgage, Inc., and grant such further relief as the Court deems just and proper.

Dated: January 25, 2008

Respectfully submitted,

HSBC MORTGAGE SERVICES, INC.

By: s/ Blair R. Zanzig
       One of Its Attorneys

Michael L. Molinaro (ARDC No.:  6183321)
Blair R. Zanzig (ARDC No.: 6273293)
LOEB & LOEB LLP
321 North Clark Street, Suite 2300
Chicago, Illinois  60610
Telephone:  (312) 464-3100
Facsimile:  (312) 464-3111

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of January 2008, a copy of the foregoing

**Memorandum of Law in Support of Plaintiff's Motion for Entry of Default Pursuant to Fed. R. Civ. P. 55(a)** was served on Defendant via first class, United States mail, postage prepaid at the following addresses:

CreveCor Mortgage, Inc.
c/o Howard Wegman, President
1150 Hanley Industrial Court,
St. Louis, MO 63144

Howard Wegman
President of CreveCor Mortgage, Inc.
12503 West Watson Rd.
St. Louis, MO  63127

                                                s/ Blair R. Zanzig

CH39691.1